**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Michael E. CARPENTER, Jr.,**
**Defendant—Appellant.**

No. 04–30490.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 2005.

Decided Aug. 30, 2005.

James P. Hagarty, Esq., U.S. Attorney, USYA—Office of the U.S. Attorney, Yakima, WA, for Plaintiff—Appellee.

Anne Walstrom, Esq., FDWAID—Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant—Appellant.

Before: THOMPSON, T.G. NELSON, and WARDLAW, Circuit Judges.

MEMORANDUM *

Defendant Michael Eugene Carpenter appeals the district court's order denying his suppression motion. Carpenter was convicted of possession of a firearm in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c), pursuant to a guilty plea that expressly preserved his right to appeal the denial of his suppression motion. The sole question on appeal is whether the warrantless search of Carpenter's hotel room violated the Fourth Amendment. The district court denied Carpenter's motion to suppress, holding that by opening the door and stepping aside, Carpenter's girlfriend consented to a search of the hotel room. We affirm.

At the heart of the dispute is whether the girlfriend's act of opening the hotel door was voluntary. The district court found that it was. Although there is evidence from which the district court could have inferred that the act of opening the door was involuntary, the district court expressly declined to make this inference. That declination was not clearly erroneous. *See United States v. Cervantes*, 219 F.3d 882, 887 (9th Cir.2000) (noting that while a decision to deny a suppression motion is reviewed *de novo*, the underlying factual findings are reviewed for clear error).

AFFIRMED.

Judge WARDLAW, dissenting.

I respectfully dissent. The Yakima Police Department Detail Report filed by Officer Fowler states that Carpenter stepped out onto the balcony and appeared to be looking for an escape route when Fowler "drew my firearm and ordered the subject to keeps his hands where I could

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

see them" (sic). Officer Fowler then asked Carpenter to "open the door to the room." When Officer Fowler learned that Carpenter's girlfriend was in the room, he asked Carpenter to "have his girlfriend answer [the] door." According to Officer Fowler, "a few seconds later" Detective Andrews told him that the room was secured.

Meanwhile, as described by Detective Andrews' Detail Report, Detectives Andrews and Barrett had been knocking on the door to the hotel room "several times" to no avail. Then, "a short time later," after Fowler radioed to tell Andrews and Barrett that Carpenter had come out on the balcony, the door opened. Thus, Carpenter correctly argues that the door was not in fact opened until just after Fowler drew the gun and pointed it at Carpenter. That the officers had been knocking for some time before Fowler drew his gun, but the door was not opened, bolsters the causal relation between the drawing of the gun and the opening of the door.

The only inference that can be drawn from the nearly simultaneous nature of the police officers' actions and the opening of the door is that Carpenter did in fact instruct his girlfriend, Saprina York, to open the door in response to Officer Fowler's instruction-while holding Carpenter at gunpoint-that he do so. This conclusion is not speculation, but rather is supported by the police department reports filed by the officers at the scene. Therefore, I conclude that York's acquiescence to the police search was not voluntary, and the suppression motion should have been granted. I would reverse the district court.